IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BENARD INDUSTRIES, INC., d/b/a<br>OTC PHARMACEUTICAL PRODUCTS,<br>a Florida corporation,<br><br>    Declaratory-Judgment Plaintiff<br>    and Counterclaim Defendant<br><br>v.<br><br>BAYER AKTIENGESELLSCHAFT,<br>a corporation of the<br>Federal Republic of Germany,<br><br>    Declaratory-Judgment Defendant<br>    and Counterclaim Plaintiff. | CIVIL ACTION NO.<br>    95-1593-CIV-LENARD |

**OPPOSITION OF BAYER TO OTC'S
MOTION TO DISMISS COUNT I (PARTIALLY) OF
<u>BAYER'S RE-AMENDED COUNTERCLAIM</u>**

I.  **BACKGROUND**

This is a case of bold, shameless piracy.

OTC has brazenly copied the trade dress and the trademark of a product Bayer has sold and made famous in many countries around the world. What is more, OTC had the outrageous brass to register Bayer's trademark in the United States. It has reaped the profits from this practice for several years and now has the audacity to complain that it was allowed to reap those profits for too long.

In fact, Bayer will show that OTC has made a practice of knowingly misappropriating famous foreign trademarks, and that Bayer's trademark is just one of the many that have been purloined. OTC's allegations of its good faith in adopting Bayer's "CANESTEN" mark and trade dress are incredible.

II. **HISTORY**

   A.  **PRIOR MOTIONS**

   1.  OTC's Motion to Dismiss Counts I (Partially), II, IV, and V of Amended Counterclaim, Alternative Motion for More Definite Statement

       Status:  Denied as to Counts I, II, and V
                Granted as to Count IV

   2.  Bayer's Motion for Reconsideration of Order Dismissing Count IV of Amended Counterclaim and for Leave to Re-Amend Counterclaim

       Status:  Reconsideration Denied

                Leave to Re-Amend Granted

       Comment: Re-Amended Counterclaim includes new

                factual allegations in ¶¶49-50, 52-

                57, and 66; Count I augmented with new

allegations in ¶66; and dismissed

Count IV omitted

3. OTC's Motion for Partial Reconsideration of Order Granting Bayer Leave to Re-Amend Counterclaims

Status: Pending

Comment: OTC argues that Court inadvertently granted leave to include new ¶66 in the Re-Amended Counterclaim

B. **PRESENT MOTION**

OTC now argues that new ¶66 of the Re-Amended Counterclaim must be dismissed because it:

(a) is identical to dismissed Count IV of the Amended Counterclaim,

(b) fails to state a cause of action,

(c) is not properly supported by factual allegations, and

(d) alleges that someone else has violated foreign law.

III. **ARGUMENT**

A. **PRESENT MOTION REARGUES PREVIOUS COUNTERCLAIM**

Following numerous attempts to prevent Bayer's allegation of a violation under the Lanham Act and the common law stemming from OTC's distribution of counterfeit "CANESTEN" products into channels of international commerce, OTC now

recycles its previous arguments[1] regarding Count IV of the Amended Counterclaim in the present motion to dismiss ¶66 (Count I) of the Re-Amended Counterclaim.

As it is obvious from even a cursory comparison, ¶66 of the Re-Amended Counterclaim materially differs from Count IV of the Amended Counterclaim.

Moreover, this Court has already approved of Bayer's <u>broader</u> allegation of unfair competition under the Lanham Act and Florida common law presented in ¶65 of Bayer's Re-Amended Counterclaim[2]. The new allegations of ¶66 simply provide more specificity to those of ¶65. Clearly, proof of the detailed allegations of unfair competition set forth in ¶66 go to prove the more general allegation under ¶65 as well. Notably, OTC does not even challenge the common law claim alleged in ¶66.

In drafting this Re-Amended Counterclaim, Bayer has specifically heeded this Court's requirement for more specific factual allegations in support of each cause of action alleged. Accordingly, Bayer has submitted additional factual allegations to provide further factual support for the cause of action alleged in ¶66 of the Re-Amended Counterclaim.

OTC flagrantly misconstrues ¶66 of the Re-Amended Counterclaim, along with the clear legal precedents and the

---

[1] See pp. 8-9 of OTC's Motion to Dismiss Counts I (Partially), II, IV, and V of Amended Counterclaim, Alternative Motion for More Definite Statement

[2] <u>Benard Industries Inc. v. Bayer Aktiengesellschaft</u>, 38 U.S.P.Q.2d 1422, 1424 (S.D.Fla. 1996). This paragraph is number 57 in Bayer's Amended Answer and Counterclaim.

factual allegations supporting it, in another attempt to mislead this Court, waste judicial resources, and protract this litigation. For the foregoing reasons, OTC's motion must be denied.

B. **¶66 OF RE-AMENDED COUNTERCLAIM MATERIALLY DIFFERS FROM COUNT IV OF AMENDED COUNTERCLAIM**

In ¶66 of the Re-Amended Answer and Counterclaim, Bayer alleges that:

> OTC's supply of products, specially-tailored to Spanish-speaking consumers and bearing Bayer's trade dress and trademarks, to wholesalers, distributors and exporters engaged in the active exportation of pharmaceutical products to South American, Central American, and Caribbean countries in which Bayer owns registrations for the mark "CANESTEN," constitute acts of unfair competition in violation of 15 U.S.C. § 1125(a) of the Lanham Act under 15 U.S.C. §§ 1126(b) and (h), and Bayer's common law rights.

Count IV of the Amended Answer and Counterclaim, alleges, in relevant part, that:

> OTC's supply of products, specially-tailored to Spanish-speaking consumers and bearing Bayer's trade dress and trademarks, along with OTC's failure to prohibit the exportation of such products to El Salvador, constitute acts of unfair competition in violation of 15 U.S.C. §1125(a) of the Lanham Act.

Clearly, ¶66 of the Re-Amended Counterclaim differs in material respects from Count IV of the Amended Counterclaim.

C. **CAUSE OF ACTION SUPPORTED BY LEGAL PRECEDENT**

The allegations of ¶66 of the Re-Amended Counterclaim are fully supported under U.S. law. As we have explained in our

BAYER.17\OPPMOT3.DSM 4

previous papers[3], in determining the reach of the Lanham Act, the Supreme Court has declared that when a

> distributor...continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the ... distributor is contributorily responsible for any harm done as a result of the deceit. Inwood Labs, Inc. v. Ives Labs, Inc., 456 U.S. 844, 854, 102 S. Ct. 2182, 72 L.Ed.2d 606 (1982).

Thus, the Eleventh Circuit has held that one who "knowingly participate[s] in a scheme of trademark infringement carried out by its [customer]" is liable for the independent infringing acts of its customer. Mini Maid Services Co. v. Maid Brigade Systems, Inc., 967 F.2d 1516, 1522 (11th Cir. 1992). It has also held that such activities create a cause of action for contributory trade dress infringement, Bauer Lamp Co., Inc. v. Shaffer, 941 F.2d 1165, 1171 (11th Cir. 1991).

In a case remarkably similar to this one, it was held that, under the Lanham Act, a distributor can be held responsible for the deception caused by its agent's use of its mark and label in foreign countries. Scotch Whisky Ass'n v. Barton Distilling Co., 338 F. Supp. 595, 599 (N.D. Ill. 1971), aff'd in part and rev'd in part on other grounds, 489 F.2d 809 (7th Cir. 1973). The Court went on to impose injunctive relief against the distributor because it had "placed the means of deception in the hands of its [agent]" and had "failed reasonably to police its

---

[3] See pp. 6-7 of Motion for Reconsideration of Order Dismissing Count IV of Amended Counterclaim and for Leave to Re-Amend Counterclaim

[agent's] use of" its mark and label abroad. Id. (emphasis added). Other courts have held product producers, such as OTC, liable for contributory infringement simply for knowingly producing goods bearing marks and trade dress which infringe another's rights. Corning Glass Works v. Jeannette Glass Co., 308 F. Supp. 1321, 1326 (S.D.N.Y. 1970), aff'd. per curiam, 432 F.2d 784 (2nd Cir. 1970); Reid, Murdoch & Co. v. H.P. Coffee, 48 F.2d 817, 819-820 (8th Cir. 1931), cert. denied, 284 U.S. 621, 52 S.Ct. 9, 76 L.Ed. 529 (1931).

Bayer believes that OTC knowingly supplies its counterfeit "CANESTEN" products to persons who have, in turn, sold the products to consumers in foreign countries in which Bayer owns a registration for the mark. Generally speaking, persons who sell counterfeit products to consumers in a foreign country are thereby committing acts of trademark infringement and unfair competition actionable under the laws of that country. OTC violates the Lanham Act and the common law by furthering the commission of trademark infringement and unfair competition by another person in another country. In this regard, OTC is simply a joint tort-feasor.

Although, Bayer can take measures to combat such trademark infringement and unfair competition in countries where sales of counterfeits have been detected, Bayer must be allowed to extinguish the supply of counterfeit products at their source here in the United States.

D. **SUFFICIENT FACTUAL ALLEGATIONS HAVE BEEN PLEADED**

Bayer re-amended its counterclaims with specific regard for the Court's statement that Count IV of the Amended Counterclaim lacked allegations of fact indicating "that OTC has a relationship with any exporter or agent involved in distribution of the allegedly infringing products." Benard Industries Inc. v. Bayer Aktiengesellschaft, 38 U.S.P.Q.2d 1422, 1424 (S.D.Fla. 1996). Accordingly, in ¶66 of the Re-Amended Counterclaim Bayer alleges that OTC supplies

> products...bearing Bayer's trade dress and trademarks, to wholesalers, distributors and exporters engaged in the active exportation of pharmaceutical products to South American, Central American, and Caribbean countries in which Bayer owns registrations for the mark "CANESTEN"....

Additionally, in ¶56 of the Re-Amended Counterclaim Bayer alleges that OTC

> transacts sales of its products, including products bearing the "CANESTEN" mark, on a regular and continuous basis with wholesalers, distributors, and/or exporters who export pharmaceutical products to Central American, South American, and/or Caribbean countries in which Bayer owns registrations for the mark "CANESTEN."

Thus, it is evident that Bayer has alleged that OTC sells "CANESTEN" products to wholesalers, distributors, and/or exporters whom it knows then export the "CANESTEN" products to countries where Bayer owns a registration for the mark "CANESTEN." Further, Bayer has alleged that OTC knowingly produces goods bearing Bayer's marks and trade dress. See ¶¶46 and 48 of Re-Amended Counterclaim.

Subsequent to the filing of Bayer's Amended Answer and Counterclaim, discovery has been conducted to substantiate OTC's role in the exportation of antifungal products bearing the "CANESTEN" mark. The deposition of one of OTC's major wholesale distributors established that OTC has ongoing relationships with wholesalers, distributors, and exporters that export non-prescription pharmaceutical products to South American, Central American, and Caribbean countries in which Bayer owns registrations for "CANESTEN."

One of OTC's regular wholesale distributors, Gulf Distribution, Inc. ("Gulf"), has admitted to exportation activity of non-prescription products in several South American, Central American and Caribbean countries. (See portions of Deposition of Gulf Distribution through Howard Goldman annexed as Appendix 1 at Tr. 13-14, 16-17, 23-24). Gulf has thus far been unable or unwilling to identify whether the allegedly infringing "CANESTEN" product sold by OTC is specifically exported by Gulf. However, Bayer is pursuing further discovery of documents and relevant information from Gulf to determine whether Gulf's records reveal exportation of OTC's "CANESTEN" by Gulf or from Gulf to other entities who export to these countries. (Tr. 66-69).

**E. COMMON LAW CLAIM IN ¶66 OF RE-AMENDED COUNTERCLAIM NOT CHALLENGED**

By not disputing Bayer's specific allegation of common law unfair competition in ¶66 of the Re-Amended Counterclaim, OTC acknowledges the propriety of this counterclaim. The broader

allegation of common law unfair competition presented in ¶65 has already been approved by this Court. <u>Benard Industries Inc. v. Bayer Aktiengesellschaft</u>, 38 U.S.P.Q.2d 1422, 1424 (S.D.Fla. 1996).

## IV. CONCLUSION

In view of the foregoing, OTC's present Motion should be denied in all respects.

Respectfully submitted,

*/s/ Theodore J. Mlynar*
Gregor N. Neff, Esq.
William F. Lawrence, Esq.
John R. Lane, Esq.
Theodore J. Mlynar, Esq.
CURTIS, MORRIS & SAFFORD, P.C.
530 Fifth Avenue
New York, New York 10036
Phone: (212) 840-3333
Facsimile: (212) 840-0712

**ATTORNEYS FOR
BAYER AKTIENGESELLSCHAFT**

**OF COUNSEL:**
Marlene K. Silverman, Esq.
Fla. Bar No. 226,947
Andres Rivero, Esq.
Fla. Bar No. 613,819
GREENBERG, TRAURIG, HOFFMAN,
LIPOFF, ROSEN & QUENTEL, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Phone: (305) 579-0500

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the within OPPOSITION OF BAYER TO OTC'S MOTION TO DISMISS COUNT I (PARTIALLY) OF BAYER'S RE-AMENDED COUNTERCLAIM was served on the plaintiff by hand-delivery to their attorneys at the address given below on this 10th day of June, 1996.

> John Cyril Malloy, III
> MALLOY & MALLOY, P.A.
> One Biscayne Tower, Ste. 3760
> 2 South Biscayne Blvd.
> Miami, FL 33131-1803